**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

ROSA MARTINEZ,

    Plaintiff,

v.

URODOCS, INC.,
a Florida corporation, and
RICHARD LEVIN, individually,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ROSA MARTINEZ (hereinafter "Plaintiff"), pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, URODOCS, INC., ("URODOCS"), and RICHARD LEVIN ("LEVIN"), individually (collectively, "Defendants"), alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages that Defendant has refused to pay Plaintiff during her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, URODOCS, was a Florida for-profit corporation located and transacting business within Aventura, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, URODOCS, at its principal location at 21355 East Dixie Highway Suite 102, Aventura, Florida 33180.

5. Defendant, URODOCS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. Upon information and belief, during all times material hereto, Defendant, LEVIN, was a resident of the Southern District of Florida.

7. During all times material hereto, Defendant, LEVIN was the owner of the corporate defendant within Aventura, Florida.

8. During all times material hereto, Defendant, LEVIN, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, URODOCS, during the relevant time period.

9. During all times material hereto, Defendant, LEVIN, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

**JURSIDICTION AND VENUE**

10. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant, URODOCS, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

12. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

13. Defendant, URODOCS, has been in operation in Florida since at least 1997.

14. Defendant, URODOCS, is a medical practice that provides care to male and female patients throughout South Florida in the diagnosis and treatment of urology-related conditions. *See https://richardlevinmd.com/* (last visited July 3, 2020).

## FLSA COVERAGE

15. Defendant, URODOCS, is covered under the FLSA through enterprise coverage, as URODOCS was engaged in interstate commerce during Plaintiff's employment period. More specifically, URODOCS' business and Plaintiff's work for URODOCS affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior or subsequent to Plaintiff's use of the same. Accordingly, Defendant, URODOCS was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

16. During her employment with Defendants, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: cell phones, telephones, computers, computer keyboards, pens, pencils, paper, surgeon's tools, medicine, anesthesia, lasers, implants, etc.

17. Defendant, URODOCS, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, URODOCS, an enterprise covered by the FLSA.

18. Upon information and belief, Defendant, URODOCS, grossed or did business in excess of $500,000.00 during the years 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

19. During her employment with Defendants, Plaintiff was a non-exempt employee of Defendant, URODOCS, within the meaning of the FLSA.

## INDIVIDUAL EMPLOYER LIABILITY

20. During all pertinent times to Plaintiff's employment, Defendant, LEVIN, oversaw the day-to-day operations of URODOCS and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, LEVIN, also controlled the payroll practices and policies of the company.

21. Defendant, LEVIN, maintained hiring and firing authority over company employees including Plaintiff.

22. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless refused to pay Plaintiff for any of the work she performed for them.

## PLAINTIFF'S WORK FOR DEFENDANTS

23. Plaintiff began working for Defendant in or about March 2019 as an office specialist, and continues to be employed as of the date of filing this Complaint.

24. During all time periods pertinent to this Complaint, Defendants retained the power to hire, fire, discipline, and control company pay practices as they relate to Plaintiff.

25. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants performing office specialist duties including front desk reception and coordinating with medical assistants.

26. During all time periods pertinent to this Complaint, Plaintiff was an hourly employee. Her regular hourly rate ranged from eighteen dollars ($18.00) to nineteen dollars ($19.00) per hour.

27. Plaintiff worked in excess of forty (40) hours per week in one or more of her workweeks when employed by Defendants.

28. Defendants failed to pay Plaintiff time-and-one-half her regular hourly rate for all hours Plaintiff worked in excess of forty (40) in a workweek.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against all Defendants)**

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

31. From about March 2019 through the present, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40) in a workweek.

32. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week, during the time period between March 2019 and the present.

33. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA, or otherwise recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

34. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

35. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ROSA MARTINEZ, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, URODOCS, INC., ("URODOCS"), and RICHARD LEVIN ("LEVIN"), individually, (collectively, "Defendants"), and award Plaintiff: (a) unliquidated damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ROSA MARTINEZ, requests and demands a trial by jury on all appropriate claims.

**Dated this 3rd day of July 2020.**   Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com
April@usaemploymentlawyers.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 3, 2020.

                                        By: */s/ Jordan Richards*
                                            JORDAN RICHARDS, ESQUIRE
                                            Florida Bar No. 108372

**SERVICE LIST:**